IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

SANTORIVAS LAVERT DIXON, )
 )
      Plaintiff, )
 )
v. ) CV 111-103
 )
JAMES KELLY, Investigator, et al., )
 )
      Defendants. )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, who is currently incarcerated at Richmond County Jail in Augusta, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[1]

## I. BACKGROUND

Plaintiff names the following Defendants in this case: (1) Tyneshia Latrelle Cullars;

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he is unable to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

(2) Diann Delree Barksdale; (3) James Kelly, an investigator with the Richmond County Sheriff's Office; (4) Justin Jones, an Assistant District Attorney; (5) the Honorable James G. Blanchard, Jr., a Richmond County Superior Court judge; (6) FNU Booze, a probation officer with Senital Probation Office ("Senital"); (7) FNU Chillis, another probation officer with Senital; and (8) Senital GPS System. (Doc. no. 1, pp. 1, 4.)

According to Plaintiff, on April 21, 2010, both Defendant Cullars and Defendant Barksdale made false statements to police that Plaintiff had threatened to kill them. (Id. at 5.) Plaintiff alleges that Defendant Kelly then issued a warrant for his arrest without fully investigating the matter and that Plaintiff was subsequently arrested. (Id.) Although the complaint is unclear, it appears that Plaintiff was subsequently released on bond and that he was required to wear a GPS monitoring device and to make payments to Senital. (See id. at 5-6.)

Plaintiff alleges that several months later, on December 8, 2010, he called Defendants Booze and Chillis and informed them that he was at home but that his GPS monitoring device was malfunctioning. (See id. at 6.) Plaintiff states that Defendant Booze replaced his old GPS monitoring device with a new one the next day; Plaintiff alleges that Defendant Chillis was also present and observed this. (Id.) Plaintiff further alleges that he also attempted to make one of his regularly scheduled payments to Senital on that day, but Defendant Chillis refused to accept payment and told Plaintiff to pay the following day, December 10, 2010. (Id.) According to Plaintiff, despite their knowledge that his old GPS device had been malfunctioning and that he had been making his payments, both Defendant Booze and Defendant Chillis made false statements to their superior "or to [Defendant] Jones" that Plaintiff had not "been home in 24 hours" and that he had not been making

2

payments. (Id.) Plaintiff further alleges that Defendant Jones failed to fully investigate these statements and issued a warrant for Plaintiff's arrest. (Id. at 5.)

Plaintiff reports that when he returned to Senital on December 10th to make his payment as directed, he was arrested for non-payment and for violating his monitoring requirements. (Id. at 6.) Plaintiff alleges that Judge Blanchard, "without fully investigating the information," revoked his bond, and Plaintiff was subsequently jailed. (Id. at 5.) Plaintiff reports that he has been subjected to cruel and unusual punishment in jail and that he feels his life is in danger, although he does not explain why this is so. (Id. at 6.) He further reports that he has been in "several incidents that have no cause" during his confinement, but he does not elaborate as to what these incidents were, or who may have been involved in those incidents. (Id.)

In his request for relief, Plaintiff asks for injunctive relief, monetary damages from all Defendants, and that he be released from confinement. (Id.)

## II. DISCUSSION

### A. § 1983 Claim Based on Wrongful Imprisonment

The Supreme Court has held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The Court went on to state that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. Id. at 487; see also Edwards v. Balisok, 520 U.S. 641, 645 (1997) (extending *Heck* to due process challenges brought under § 1983). Conversely, § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his

prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). The principles espoused in *Heck* also apply to revocations of probation and revocations and denial of parole. Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) (denial of parole); Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995) (revocation of probation); Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995) (revocation of parole).

In short, a claim for monetary damages or injunctive relief that challenges Plaintiff's probation revocation is not cognizable under § 1983, but must instead be brought in a habeas petition. See Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983); Preiser, 411 U.S. at 500 ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus."). Indeed, "[a]s the Supreme Court noted, the most obvious example of an action barred by *Heck* is one in which the plaintiff actually 'seek[s] damages directly attributable to conviction or confinement.'" Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting Heck, 512 U.S. at 486 n.6). Simply put, a claim for monetary damages or equitable relief resulting from Plaintiff's alleged unconstitutional probation revocation or confinement is not cognizable under 42 U.S.C. § 1983. Heck, 512 U.S. at 487.

Here, Plaintiff alleges that Defendants' unconstitutional actions toward him led to his unlawful imprisonment, and he seeks relief from that unlawful imprisonment in the form of release and monetary damages. However, to the extent that Plaintiff's claims in this case are

4

based on improper imprisonment resulting from a wrongful revocation of his probation, it is not actionable in a § 1983 suit and should be dismissed for failure to state a claim.

Moreover, as discussed below, even if Plaintiff's claims were actionable, he has failed to state a claim against several of the named Defendants, and has named several Defendants who are immune from suit under § 1983.

### B. Failure to State a § 1983 Claim Against Defendants Cullars and Barksdale

Plaintiff fails to state a claim against Defendants Cullars and Barksdale because they did not act under the color of state law for the purposes of 42 U.S.C. § 1983. The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law*." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added). Traditionally, acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49 (internal quotation marks and citation omitted).

According to Plaintiff, Defendant Cullars and Defendant Barksdale are individuals residing in Augusta, Georgia. (Doc. no. 1, p. 4.) Plaintiff has not alleged that either of these individuals took any actions pursuant to power possessed by virtue of state law or made possible because they were clothed with the authority of state law. See West, 487 U.S. at 48. Accordingly, Plaintiff fails to state a claim against Defendants Cullars and Barksdale.

### C. Failure to State a § 1983 Claim Against Defendant Jones

Plaintiff's claims against Defendant Jones are subject to dismissal because his role

5

as a prosecutor entitles him to immunity. "In § 1983 actions, prosecutors have absolute immunity for all activities that are 'intimately associated with the judicial phase of the criminal process.'" Rehberg v. Paulk, 611 F.3d 828, 837 (11th Cir. 2010) (quoting Van de Kamp v. Goldstein, 555 U.S. 335, 129 S. Ct. 855, 860 (2009)). This absolute immunity shields a prosecutor from liability when faced with "allegations stemming from the prosecutor's function as advocate." Id. (quoting Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999). "The prosecutorial function includes initiation and pursuit of criminal prosecution, and most appearances before the court . . . ." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) (citations omitted).

Here, Defendant Jones' actions were taken pursuant to his role as a prosecuting attorney. See Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) (noting that immunity protects a prosecutor's conduct in preparing for the initiation of judicial proceedings or for trial). Accordingly, Jones is entitled to prosecutorial immunity for Plaintiff's claims against him. See Williams v. Holsey, No. 5:10CV211 (MTT), 2010 WL 4261354, at *1 (M.D. Ga. July 7, 2010) (recommending dismissal of § 1983 false imprisonment and malicious prosecution claims against state prosecutor on prosecutorial immunity grounds), *aff'd*, No. 5:10CV211 (CAR), 2010 WL 4261399 (M.D. Ga. Oct. 20, 2010).

### D. Failure to State a § 1983 Claim Against Judge Blanchard

Plaintiff's complaint fails to state a claim against Judge Blanchard because, as a judge, he is entitled to absolute immunity. It is well-settled that judicial officers are entitled to absolute immunity from suit for actions taken that are within their jurisdictional power to perform. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or

was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'" (footnote omitted)). Thus, the Court must determine whether Defendant Blanchard was dealing with Plaintiff in a judicial capacity and whether the judge's conduct clearly fell outside his subject matter jurisdiction. See id. at 359-64.

As the complaint makes no allegation that Judge Blanchard acted in the "clear absence of all jurisdiction," id. at 357, the Court must consider whether his actions were of the type normally performed by judges. Patterson v. Aiken, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), aff'd, 784 F.2d 403 (11th Cir. 1986) (Table). Here, Plaintiff's allegations concern actions taken by Judge Blanchard that relate to the criminal case against Plaintiff. Thus, his actions qualify as activity of a type usually performed by judges. Accordingly, Judge Blanchard is entitled to absolute immunity, and Plaintiff's allegations against him fail to state a claim for relief.

### E. Failure to State a Claim Against Defendant Senital GPS System

Plaintiff's allegations are insufficient to state a claim against Defendant Senital GPS System, which is not subject to liability in a § 1983 suit such as this one. According to Fed. R. Civ. P. 17(b)(3), the general rule is that the "capacity to sue or be sued is determined . . . by the law of the state where the court is located. . . . ." Accordingly, in this case, Georgia law controls. The Georgia Supreme Court has explained that: "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 258 Ga. 317, 368 S.E.2d 500, 502 (1988) (quotation omitted).

Plaintiff has not shown, and the Court is not aware of, any applicable precedent for recognizing a GPS system as an entity capable of being sued for violation of § 1983. Accordingly, the Court finds that Plaintiff has failed to state a claim against Defendant Senital GPS System.

Moreover, even if Defendant Senital GPS System were somehow amenable to suit, Plaintiff does not mention this Defendant in his complaint aside from naming it as an additional Defendant on page 4 of the complaint. However, "[s]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit has held that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of an allegation of any connection between actions of Defendant Senital GPS System and an alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against this Defendant.

F.  **Failure to State a Claim Regarding "Incidents"**

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff's allegations that he has suffered cruel and unusual punishment and from several

"incidents" fail to state a claim. As noted above, "[s]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca, 995 F.2d at 1538. Here, Plaintiff alleges in conclusory fashion that he has been subjected to cruel and unusual punishment in jail. (Doc. no. 1, p. 5.) He further states that he has "been in several incidents that have no cause [that are] making him paranoid and in fear of [his] life." (Id. at 7.) However, Plaintiff fails to explain how any alleged constitutional deprivation he suffered while in jail occurred as the result of the actions of Defendants.

Furthermore, Plaintiff's allegations of wrongdoing are vague, at best, as he does not indicate how any actions taken by any of the named Defendants amounted to a violation of his constitutional rights. As vague and conclusory allegations are not sufficient to state a claim, see Taylor v. Singletary, 148 F.3d 1276, 1285 (11th Cir. 1998) (noting that vague and conclusory accusations are insufficient to state a claim), Plaintiff allegations that regarding the "incidents" fails to state an claim upon which relief may be granted.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of October, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

9